IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | No. 6:24-cr-00555-DCC-3 |
| | ) | |
| v. | ) | |
| | ) | |
| Mikenzi Shianise Walker, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court on Defendant's Motion to Appoint Counsel. ECF No. 313. Defendant seeks appointment of counsel because she contends she needs the assistance of a lawyer to help her with her § 2255 motion. *Id.* The Court notes that no § 2255 motion has been filed by Defendant.

    A petitioner has no constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). The appointment of counsel in § 2255 proceedings is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may also appoint counsel to a financially eligible habeas petitioner if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Defendant has not filed a § 2255 motion, so the Court is unable to evaluate whether discovery or an evidentiary hearing appears to be required in this case. Furthermore, the Court finds Defendant, who asserts only that her "indigence and lack of counsel prevents [her] from preparing complex briefs and motions," has failed to demonstrate that the interests of justice warrant the appointment of counsel. *See* ECF

No. 313.  Accordingly, the Court finds Defendant's request for counsel is premature, and her motion is denied without prejudice.

    IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

October 31, 2025
Spartanburg, South Carolina